NO. 24-6537

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMANDA BANTA, et al., | JOINT MOTION TO HOLD APPEAL IN ABEYANCE |
| Appellants, | |
| v. | |
| ROBERT W. FERGUSON, Attorney General of the State of Washington, et al., | |
| Appellees, | |
| and | |
| ALLIANCE FOR GUN RESPONSIBILITY, | |
| Intervenor-Appellee. | |

## I.    INTRODUCTION

All parties to this appeal jointly request that the Court hold it in abeyance until opinions are issued in *Duncan v. Bonta*, Case No. 23-55805, and *Miller v. Bonta*, Case No. 23-2979, both of which are pending before this Court. This matter involves a challenge under the Second Amendment to Washington State's "assault weapon" law, and the forthcoming opinions in *Duncan* and *Miller* will

provide substantial, potentially dispositive, guidance for the outcome here. Accordingly, to preserve the resources of the parties and the Court, all parties request that the Court vacate the current time schedule order in this case and hold this appeal in abeyance pending the issuance of opinions in these two cases, both of which have already been argued.

## II.    BACKGROUND

This appeal involves a challenge to Washington's restriction on the manufacture, importation, and sale of "assault weapons," under Wash. Rev. Code § 9.41.390. The statute defines "assault weapons" to include any of a list of specifically enumerated firearms or any firearms bearing a combination of specific features. Wash. Rev. Code § 9.41.010. Plaintiffs–Appellants challenge this statute under the Second Amendment.

Appellants filed their complaint on April 25, 2023, the day Washington's statute was signed into law. Appellants sought a preliminary injunction the following month, and on August 18, 2023, the district court held a hearing on their motion. On September 26, 2024, the district court denied Appellants' motion.

In the 13 months between the preliminary injunction hearing and the district court's ruling, this case was essentially dormant. The parties conducted no discovery and filed no motions, save for notices of supplemental authority relevant

to the motion for preliminary injunction. The parties have yet to hold their conference under Rule 26(f).

Meanwhile, on October 10, 2023, this Court ordered *en banc* review of *Duncan v. Bonta*, Case No. 23-55805, a case concerning the constitutionality of California Penal Code § 32310, California's statute prohibiting possession of magazines capable of holding more than ten rounds of ammunition. In *Duncan*, the district court issued a decision permanently enjoining § 32310. *Duncan v. Bonta*, 695 F. Supp. 3d 1206 (S.D. Cal. 2023). However, an *en banc* panel of this Court stayed that ruling. Oral argument in *Duncan* was heard by an *en banc* panel of this Court in March 2024, and a decision is pending.

This Court has also heard argument in *Miller v. Bonta*, Case No. 23-2979, which concerns the constitutionality of California Penal Code § 30515(a), California's statute banning possession of various rifles, pistols, and shotguns referred to there as "assault weapons." In *Miller*, the district court permanently enjoined § 30515(a). *Miller v. Bonta*, 699 F. Supp. 3d 956 (S.D. Cal. 2023). A panel of this Court stayed the district court's injunction pending appeal. *Miller v. Bonta*, No. 23-2979, 2023 WL 11229998, at *1 (9th Cir. Oct. 28, 2023). This Court heard argument in *Miller* on January 24, 2024, and, following argument,

decided to hold *Miller* in abeyance pending the outcome of *Duncan*. *See* DktEntry: 61.1, *Miller v. Bonta*, Case No. 23-2979 (Jan. 26, 2024).

Taken together, *Duncan* and *Miller* are likely to have a significant—if not dispositive—impact on cases in this Circuit challenging under the Second Amendment state laws that prohibit the possession of certain firearms and ammunition feeding devices. Accordingly, this Court and courts within this circuit have routinely stayed such cases pending decisions in *Duncan* and *Miller* (including *Miller* itself). *See, e.g.*, Order, DktEntry 5.1, *Rupp v. Bonta*, Case No. 24-2583 (9th Cir. Jun. 7, 2024); Order, DktEntry 18, *Fitz v. Rosenblum*, Case No. 23-35478 (9th Cir. Dec. 19, 2023); Stipulation and Order Regarding a Continuance, ECF No. 88, *Hartford v. Ferguson*, Case No. 3:23-cv-05364-RJB (W.D. Wash. Feb. 14, 2014); Order Granting Motion to Stay, ECF No. 153, *Sullivan v. Ferguson*, Case No. 3:22-cv-05403-DGE (W.D. Wash, Nov. 21, 2023); Order Striking Deadlines and Staying Case, ECF No. 68, *Brumback v. Ferguson*, Case No. 1:22-cv-03093-MKD (E.D. Wash., Feb., 21, 2024). In fact, following the district court's denial of the preliminary injunction that is the subject of this appeal, the district court stayed further trial court proceedings pending *Miller* and *Duncan*. ECF No. 57.

### III. ARGUMENT

The significant similarities between this case and the pending appeals in *Duncan* and *Miller* strongly support holding this case in abeyance. This Court has the inherent authority to manage its own docket, including by holding appeals in abeyance where appropriate. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). In determining whether to hold a matter in abeyance, this Court considers "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

Here, abeyance is warranted, as the parties all agree. Because *Miller* and *Duncan* involve largely the same legal issues raised by this case, this Court's resolution of those cases will significantly guide, if not outright control, the result in this appeal. Both *Duncan* and *Miller* concern the application of the

*Bruen/Rahimi* standard to modern laws prohibiting possession of certain firearms and feeding devices, and thus involve much of the same textual and historical analysis as this case.

Moreover, holding this appeal in abeyance will not prejudice any party. Recognizing the significant similarities between this case and *Duncan* and *Miller*, all parties join this motion to avoid the prejudice caused by expending resources litigating a matter in the absence of forthcoming controlling authority relevant to the issues on appeal. *Duncan* was submitted on March 19, 2024, and a decision in that case is forthcoming. Thus, an abeyance in this case will likely be of modest duration.

## IV. CONCLUSION

For the foregoing reasons, the parties respectfully request this Court vacate the existing time schedule order and hold his case in abeyance pending resolution of proceedings in *Duncan v. Bonta*, No. 23-55805 (en banc), and *Miller v. Bonta*, No. 23-2979.

RESPECTFULLY SUBMITTED this 6th day of November 2024.

ROBERT W. FERGUSON
Attorney General

*s/ Andrew R.W. Hughes*
ANDREW R.W. HUGHES, WSBA #49515
WILLIAM MCGINTY, WSBA #41868
Assistant Attorneys General
KRISTIN BENESKI, WSBA #45478
First Assistant Attorney General
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744
Andrew.Hughes@atg.wa.gov
William.McGinty@atg.wa.gov
Kristin.Beneski@atg.wa.gov
Attorneys for Appellees Robert W.
Ferguson and John R. Batiste


CORR CRONIN LLP

*s/ Matthew D. Rowen*
Steven W. Fogg, WSBA No. 23528
CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Ph: (206) 625-8600 │ Fax: (206) 625-0900
sfogg@corrcronin.com

Paul D. Clement, admitted *pro hac vice*
Erin E. Murphy, admitted *pro hac vice*
Matthew D. Rowen, admitted *pro hac vice*
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314

Ph: (202) 742-8900
paul.clement@clementmurphy.com
erin.murphy@clementmurphy.com
matthew.rowen@clementmurphy.com
Attorneys for Appellants


PACIFICA LAW GROUP LLP

*s/ Zachary J. Pekelis*
Zachary J. Pekelis, WSBA #44557
Kai A. Smith, WSBA #54749
Meha Goyal, WSBA #56058
1191 2nd Avenue, Suite 2000
Seattle, WA  98101-3404
(206) 245-1700
Zach.Pekelis@pacificalawgroup.com
Kai.Smith@pacificalawgroup.com
Meha.Goyal@pacificalawgroup.com
Attorneys for Intervenor-Appellee Alliance
for Gun Responsibility